United States District Court
Southern District of Texas
**ENTERED**
December 09, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUAN MIGUEL AYALA AYALA, § § Petitioner, § § VS. § MARTIN L. FRINK, *et al.*, § § Respondents. § | CIVIL ACTION NO. 4:25-CV-05832 |

### **TEMPORARY RESTRAINING ORDER**

Before the Court is Petitioner Juan Miguel Ayala Ayala's Motion for Temporary Restraining Order and Request for Injunctive Relief (the "Motion") (Doc. #5). Having considered Petitioner's arguments and the applicable legal authority, the Court grants the Motion in part.

**I.   Background**

The facts asserted below are taken from Petitioner's Motion. Petitioner is a citizen of El Salvador. Doc. #5 at 2. He alleges he has "resided in the United States since on or about 2008, when he was merely 16 years old." *Id.* He further claims he has "profound and long-standing" ties to the United States, "considers Houston his only home, and is unfamiliar with his home country." *Id.* He has three children who are citizens of the United States. *Id.*

On November 6, 2025, Petitioner was arrested during a traffic stop and taken into custody by Immigration and Customs Enforcement ("ICE"). *Id.* Petitioner claims he "has no criminal record of any kind" and his "only encounter with law enforcement arose from this minor traffic stop." *Id.* He is detained at the Houston Contract Detention Facility at 15850 Export Plaza Drive, Houston, TX 77032. *Id.* Following his arrest, the Department of Homeland Security placed

Petitioner in removal proceedings before the Immigration Court in Conroe, Texas, "charging him as an individual who entered the United States without inspection." *Id.*

Petitioner filed a Petition for Habeas Corpus on December 5, 2025, requesting that the Court direct Respondents to release him from custody or provide him a "constitutionally adequate bond hearing." Doc. #1 at 12. Petitioner filed his pending Motion on December 9, 2025. Doc. #5.

## II.   Legal Standard

There are four prerequisites for the extraordinary relief of a temporary restraining order. Petitioner must show: (1) a substantial likelihood Petitioner will prevail on the merits; (2) a substantial threat that irreparable harm will result if relief is not granted; (3) that the threatened injury to Petitioner outweighs the threatened harm to Respondent; and (4) that granting relief will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

## III.   Analysis

### a.   Likelihood of Success on the Merits

Petitioner claims his detention is unlawful because "no final order of removal exists" and ICE has not justified his continued confinement. Doc. #5 at 4. Here, the Court finds Petitioner asserts facts showing his initial removal proceedings commenced on November 10, 2025, and no final removal order has been issued against him." *Id.* at 4–5. Furthermore, Petitioner claims he "poses no flight risk or danger to the community." *Id.* at 5. Absent a final removal order or individualized finding of necessity, indefinite detention of Petitioner raises "a serious constitutional problem." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner therefore demonstrates a substantial likelihood he will prevail on the merits of his petition.

### b.   Irreparable Harm

Although there is no final removal order in Petitioner's case, he has been detained by ICE

2

for the last month. Doc. #5 at 4. Accordingly, he is deprived of his liberty interest while in ICE custody. *Zadvydas*, 533 U.S. at 690. Furthermore, Petitioner claims he "has no criminal history and poses no risk to the community." Doc. #5 at 4. And if removed without full adjudication of his claims, Petitioner will be separated from his family, including his three children. *See Hodorowski v. Ray*, 844 F.2d 1210, 1216 (5th Cir. 1988) (recognizing the constitutional "right of the family to remain together"). Petitioner therefore faces irreparable harm in the absence of relief.

### c. Balance of Equities

The third factor—whether Petitioner's threatened injury outweighs Respondents' threatened harm—also favors relief. Petitioner faces irreparable harm if removed from the United States, including separation from his family and removal to a country with which he is admittedly "unfamiliar." Doc. #5 at 2. On the other hand, maintaining the status quo pending resolution of Petitioner's request for injunctive relief causes only *de minimis*, if any, injury to Respondents.

### d. Public Interest

Finally, the public-interest factor also weighs in Petitioner's favor. Currently, Petitioner is not subject to a final removal order and, as mentioned, there is no evidence he threatens public safety. Doc. #5 at 2–3. As such, maintaining the status quo to allow for full and fair adjudication of Petitioner's claims best serves the public interest.

## IV. Conclusion

In conclusion, the Court finds all four factors weigh in favor of granting Petitioner's request for a temporary restraining order. Accordingly, Petitioner's Motion is GRANTED in part. Doc. #2. It is hereby ORDERED that:

1. Respondents, their agents, employees, and successors are temporarily restrained and enjoined from removing Petitioner from the United States while this Temporary

  Restraining Order remains in effect;

 **2.** Respondents shall notify all relevant personnel that Petitioner is not to be removed from the United States while this Temporary Restraining Order remains in effect.

All other requests for relief in Petitioner's Motion are DENIED WITHOUT PREJUDICE. This case has been referred to Magistrate Judge Peter Bray, who will set a preliminary injunction hearing.[1] The Court notes, however, that Respondents have not entered an appearance in this action. Accordingly, Petitioner is hereby ORDERED to immediately provide, by email or similarly prompt means, copies of this Order to Respondents.

  This Temporary Restraining Order shall remain in effect for fourteen (14) days from the date of this Order, unless extended for good cause or by agreement of the parties under Federal Rule of Civil Procedure 65(b)(2).

  It is so ORDERED.

DEC 0 9 2025
Date

The Honorable Alfred H. Bennett
United States District Judge

---

[1] Petitioner's criminal history, if any, will be inquired into at the preliminary injunction hearing. The parties should appear at that hearing fully prepared to discuss such evidence.

4