United States District Court
Southern District of Texas
**ENTERED**
January 20, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Juan Miguel Ayala Ayala (A # 221-277-385), *Petitioner*, | § § § § | |
| v. | § § | Civil Action H-25-5832 |
| Martin L. Frink, Warden of the Houston Contract Detention Facility, et al., *Respondents*. | § § § § § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 4. Pending before the court is Juan Miguel Ayala Ayala's Petition for Writ of Habeas Corpus, ECF No. 1, and Respondents' Motion for Summary Judgment, ECF No. 10. The court recommends that Ayala's Petition for Writ of Habeas Corpus, ECF No. 1, be **GRANTED**, and that Respondents' Motion for Summary Judgment, ECF No. 10, be **DENIED**.

Juan Miguel Ayala Ayala was born in El Salvador. ECF No. 1-2 at 2. It is undisputed that Ayala entered the United States without inspection in 2008, when he was approximately 16 years old, and that he has remained in this country since that time. *Id.* Ayala has three children, who are United States citizens. *Id.* He has no prior arrests or criminal convictions. *Id.* He also has no prior contacts with the immigration authorities.

On November 6, 2025, Ayala was arrested during a traffic stop and taken into ICE custody. ECF No. 1-2 at 2. Ayala has been charged with entering the United States without being admitted or inspected. He is thus "inadmissible" under 8 U.S.C.

§ 1182(a)(6)(A)(i) as "[a]n alien present in the United States without being admitted or paroled, who arrives in the United States at any time or place other than as designated by the Attorney General . . . ." Ayala is now being held in custody at the Houston Contract Detention Facility. *Id.* at 3. He has been denied the opportunity for a bond hearing, which is the basis for his instant petition for writ of habeas corpus. *Id.* at 2.

Ayala filed his Petition for Writ of Habeas Corpus on December 5, 2025. ECF No. 1. The court held a hearing on December 15, 2025, and entered an expedited briefing schedule. ECF No. 8. This Memorandum and Recommendation is being issued in an expedited manner as well.

Ayala argues that he is entitled to a bond hearing, which has been denied on the basis of a recent Department of Homeland Security (DHS) policy, as well as a recent decision by the Board of Immigration Appeals (BIA) upholding the policy change. ECF No. 1 at 2. Ayala "seeks a writ of habeas corpus requiring that he be released [from custody] unless Respondents provide a bond hearing under [8 U.S.C.] § 1226(a) within seven days." *Id.* at 3.

The question in this case is which of two statutes applies to Ayala. Respondent argues that Ayala is an "applicant for admission" who is also "seeking admission" into the United States and thus, pursuant to 8 U.S.C. § 1225(b)(2)(A), is not entitled to a bond hearing. Ayala argues that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), which generally allows release of any alien who has been arrested on a warrant and is detained pending a decision on removal. Ayala points out that, for many years before DHS's new policy was enacted, DHS would have considered him to be entitled to a bond hearing under section 1226(a) and would not have considered him to be within the ambit of section 1225(b)(2)(A).

Under 8 U.S.C. § 1225(b)(2)(A) "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under . . . this title." (emphasis added) Ayala admits, as he must, that he is an *applicant for admission.* 8 U.S.C. § 1225(a)(1) defines that phrase to include any "alien present in the United States who has not been admitted." Ayala meets that definition. Ayala argues that he is not "*seeking admission*," however, because he has been in this country for decades and was taking no steps toward admission when he was apprehended.

Before last year, DHS would have agreed with Ayala. For decades, the government has relied on section 1226(a) to detain "aliens already in the country," while relying on section 1225(b) to detain "aliens seeking admission into the country." *See Acosta de Perez v. Frink*, No. 25-5357, 2025 WL 3626347, at *2 (S.D. Tex. Dec. 12, 2025) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018)). However, on July 8, 2025, DHS issued "Interim Guidance," which states that "§ 1225 of the INA, rather than § 1226, is the applicable immigration detention authority for all applicants for admission." *Id.* (citing *ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, available at https://perma.cc/4Q6X-GAZC (last visited Jan. 20, 2026)). This guidance, if followed, would greatly broaden the reach of section 1225(b)(2)(A) to include all aliens who entered without inspection, regardless of how long they have been in the United States, or what they were doing when contacted by federal authorities. On September 5, 2025, the BIA affirmed DHS's new policy in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). The BIA held that individuals who are deemed inadmissible under § 1182(a)(6)(A)(i) are "applicants for admission" and, therefore,

3

subject to mandatory detention. *Yajure Hurtado*, 29 I. & N. Dec. at 228–29.[1]

In his Petition for Writ of Habeas Corpus, Ayala argues that the government's designation of Ayala as an "applicant for admission," and its refusal to grant him a bond hearing on that basis, "violates the plain language of the [INA]." ECF No. 1 at 2. Ayala argues that "[s]ection 1225(b)(2)(A) does not apply to individuals like [him] who previously entered and are now residing in the United States." *Id.* Instead, he argues, he should be subject to section 1226, which "allows for release on conditional parole or bond." *Id.* Ayala's basic argument is that an alien who is statutorily defined as an "applicant for admission" is not necessarily also an alien "seeking admission." That is, Congress used both phrases in section 1225(b)(2)(A) and to collapse them into one would be to excise the second phrase from the statute.

Respondents argue that their current interpretation of the statutes is supported by the plain statutory text and various canons of statutory construction. ECF No. 10. They assert that, in the context of section 1225(b)(2), "there is no difference between 'an applicant for admission' and 'an alien seeking admission[.]'" *Id.* at 14. Respondents argue that section 1225(b)(2)(A), applies to all "applicant[s] for admission," and that, "as an alien 'present in the United States who has not been admitted,' [Ayala] is by definition 'an applicant for admission.'" *Id.* at 13.

This is not the first time that these arguments have been raised in the courts of this district. There are many decisions that

---

[1] Of course, federal district courts are not bound by agency interpretations of statutes. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 392 (2024) (citing 5 U.S.C. § 706); *see also, e.g., Acosta de Perez*, 2025 WL 3626347, at *2 (citing *Loper Bright* to reject the government's assertion that the court should defer to the BIA's decision in *Yajure Hurtado*); *Buenrostro-Mendez v. Bondi*, No. 25-3726, 2025 WL 2886346, at *3 n.3 (S.D. Tex. Oct. 7, 2025) (same).

have come out on both sides of the very arguments made here. The court has considered all of the authority the government has submitted (ECF Nos. 9, 10 at 3–4, 13 at 2–8), has done its own independent research, and has carefully considered all of the parties' briefing. The court concludes, largely for the reasons set forth in Judge Hittner's well-reasoned opinion in *Acosta de Perez v. Frink*, No. 25-5357, 2025 WL 3626347 (S.D. Tex. Dec. 12, 2025), that Ayala should be granted a bond hearing under 8 U.S.C. § 1226(a). The court concludes that Congress purposefully used two separate phrases in 8 U.S.C. § 1225(b)(2)(A) and thus intended them to have independent meaning. Judge Hittner's statutory construction analysis is particularly persuasive. *Acosta de Perez*, 2025 WL 3626347, at *3–4. The undersigned does not believe it is necessary, given the urgency with which this petition has been brought before the court, to repeat Judge Hittner's analysis here.

The court does address specifically one of the government's arguments. Respondents cite 8 U.S.C. § 1225(a)(3) and argue that the statute either equates an "applicant for admission" with an alien who is "seeking admission," or indicates that the former phrase is a subset of the latter. The government's argument is based on the following excerpt from subsection 1225(a)(3):

> All aliens . . . who are *applicants for admission* <u>or otherwise</u> *seeking admission* . . . to the United States shall be inspected . . . .

(emphasis added). The government argues that underlined "or otherwise" indicates that the preceding italicized phrase is a subset of the subsequent italicized phrase. If the quoted text were the only words in the statute, the court would see the government's point. But that is not what the statute says. There is more to it. Subsection 1225(a)(3) says:

> All aliens . . . who are applicants for admission or otherwise seeking admission or readmission to or

5

> transit through the United States shall be inspected . . . .
>
> Breaking the statute down, it should be read as follows:
>> All aliens who are applicants for admission shall be inspected.
>>
>> All aliens who are otherwise
>>> seeking admission to the United States, or
>>> seeking readmission to the United States, or
>>> seeking transit through the United States
>>
>> shall be inspected.

If, as the government suggests, the phrase preceding "or otherwise" is a subset of the phrase following it, then "applicants for admission" are a subset not only of aliens seeking admission, but also those who are seeking "transit through" the United States. Such a reading makes no grammatical or logical sense.

Moreover, it is notable that "applicant for admission" is a statutorily defined phrase. Subsection 1225(a)(1) "deems" an alien "who has not been admitted or who arrives in the United States" to be "an applicant for admission," regardless of any action the alien may have taken. "Applicant for admission" would appear to apply not only to people showing up at the border, but also to people brought here by their parents when they were children. Subsection 1225(a)(3) requires inspection of two classes of aliens—those who are "deemed" to fall within the statutory definition of "applicant for admission," as well as those aliens who take the affirmative act of "seeking" admission to, readmission to, or transit through the United States.

It is clear to the court that Congress intended "applicants for admission" to be considered a separate, albeit in many cases overlapping, category of aliens from those "seeking" admission. Because there is no evidence that Ayala was "seeking" admission when he was apprehended, he does not fit the definition of those not entitled to a bond hearing under 8 U.S.C. § 1225(b)(2)(A). He

6

falls instead under 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

For these reasons, the court recommends that Ayala's Petition for Writ of Habeas Corpus, ECF No. 1, be **GRANTED**, and that the government's Motion for Summary Judgment, ECF No. 10, be **DENIED**. The court's decision is limited to a finding that Ayala is entitled to a bond hearing under the applicable statute. The court does not find that Ayala should be released on bond. That determination is left to the executive branch. Nor does the court conclude that a detention order would necessarily violate his due process rights under the Constitution.

The court recommends that Respondents be **ORDERED** to provide Ayala with an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days of the District Court's adoption of this Memorandum and Recommendation—to the extent that it is adopted—or else immediately release Ayala from custody. The court recommends that Respondents be **PROHIBITED** from transferring Ayala outside of the Southern District of Texas until his bond hearing is held.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January 20, 2026.

_____
Peter Bray
United States Magistrate Judge